**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the
# Supreme Court of Georgia

No. S26A0459
Hannah Renee Payne
v.
The State

On Appeal from the Superior Court of Clayton County
No. 2019CR0173714

Argued: March 18, 2026 - Decided: May 5, 2026

LAND, Justice.

Hannah Payne was sentenced to life in prison plus 13 years for the murder and false imprisonment of Kenneth Herring and the possession of a firearm during the commission of a felony. In response to Payne's motion for new trial, the assistant district attorney assigned to the case, Deborah Leslie, filed a brief that contained non-existent cases and cases that do not stand for the proposition asserted in the brief. In an order largely prepared by ADA Leslie, the trial court denied Payne's motion for new trial. That order contained citations to non-existent cases and cases that do not stand for the proposition asserted in the order. In response to Payne's appeal, ADA Leslie once again cited cases that do not stand for the proposition asserted. As a result of these filings, we have been sidetracked from our obligation of resolving the merits of Payne's appeal and have had to devote significant time and resources to the discovery of this misconduct and deciding what to do about it. As outlined below, we admonish ADA Leslie and the Clayton County District Attorney's office; we sanction ADA Leslie and suspend her privilege to practice in our Court; and we vacate

the trial court's order denying Payne's motion for new trial and remand the case to the trial court with instruction that it issue a new order that does not contain the citation of fake cases or other misattributed case citations.

1. On March 20, 2026, after oral argument in this case, this Court entered an order directing counsel for the State to file a supplemental brief explaining, among other things, how the September 12, 2025 order of the trial court denying Payne's motion for new trial (which reflects that ADA Leslie prepared that order) came to include nine case citations that either do not exist or do not stand for the propositions for which they are cited.[1]

On March 27, 2026, Clayton County ADA Leslie filed a supplemental brief and affidavit in which she acknowledged using artificial intelligence software to draft the State's briefs in opposition to Payne's motion for new trial and the trial court's proposed order denying the motion for new trial. ADA Leslie acknowledged that the case citations generated by artificial intelligence software were not independently verified before inclusion in the State's briefs or proposed order and represented that she had implemented safeguards to ensure that fictitious or misattributed authorities would not appear in any future filings. In addition to the nine cases listed in this Court's March 20, 2025, order, ADA Leslie identified twelve additional cases in her briefing before the trial court that she acknowledges were generated

---

[1] When asked at oral argument whether she included these citations in the version of the order submitted to the trial court, ADA Leslie responded "No, your honor, I do not believe so, they were not. I did prepare an order. That order was revised." When this Court pointed out that these same cases were cited in the State's briefing opposing Payne's motion for new trial, ADA Leslie offered to provide this Court with supplemental briefing on this issue.

2

by artificial intelligence software, were not independently verified, and do not stand for the propositions for which they were offered.[2] ADA Leslie also withdrew reliance on nine authorities cited in the State's December 16, 2025, appellate brief before this Court which she stated "were cited for propositions not supported by the actual holdings of those decisions; case citations that do not correspond to existing Georgia or federal precedent; and/or case quotations that do not accurately reflect the language of the cited opinions[.]"

This Court has reviewed the filings by the State in opposition to the motion for new trial, the trial court's order denying the motion for new trial, and the State's briefing before this Court. These filings, as well as the trial court's order, contain multiple case citations which either do not exist, or which exist but do not support the propositions of law for which they are cited. While we have no rule against the responsible use of artificial intelligence software by attorneys, citing cases that do not exist or do not support the proposition for which they are cited is a violation of this Court's rules and falls far beneath the conduct we expect from Georgia lawyers. See Supreme Court Rule 7. Given the substantial number of wholly inaccurate case citations found in these filings, and the fact that counsel for the State did not independently verify the accuracy of these citations, the matter poses a serious concern for us and for the integrity of these proceedings and calls

---

[2] One of the additional cases identified by ADA Leslie as not standing for the propositions for which they were cited, *Bryant v. State*, 268 Ga. App. 362 (2004), appears not to exist at all. *Bryant* is also cited in the trial court's September 12, 2025, order. In addition to this case, we have identified at least one additional case cited in the State's briefing before the trial court, *Hamm v. State*, 294 Ga. 791, 795 (2014), which does not stand for the proposition for which it is cited; this case citation also appears in the trial court's order.

3

for us to exercise our inherent authority to control these proceedings in the furtherance of justice, as well as the authority granted to us by Supreme Court Rule 7 to sanction attorneys who violate our rules. See OCGA § 15-1-3(4).

2. We admonish ADA Leslie and the Clayton County District Attorney's Office for failing to verify the accuracy of case citations and then including a substantial number of inaccurate case citations in their filings before this Court and the trial court. See Supreme Court Rule 7 ("Parties and counsel are responsible for ensuring that their filings with the Court, including briefs, shall be carefully checked for truthfulness and accuracy as the rules already require."). [3]

3. We hereby suspend ADA Deborah Leslie's privilege to practice before the Supreme Court of Georgia for six months. As a condition of the reinstatement of such privilege, ADA Leslie must obtain and certify that she has completed an aggregate of 12 hours of continuing legal education beyond the hours regularly required to maintain active membership in the State Bar of Georgia, consisting of sessions on ethics, brief writing, and the proper

---

[3] We acknowledge the Clayton County District Attorney's March 27, 2026, letter to this Court, in which the District Attorney apologized for the post-trial filings in this case, stated that her office would be "expanding [its] internet and social media use policies to specifically address the use of artificial intelligence," and indicated that "strict disciplinary action ha[d] been taken against" ADA Leslie. The dissent relies upon this letter in support of its position that we should not admonish the District Attorney. First, we have not admonished the District Attorney individually but rather admonished her office, since ADA Leslie submitted the filings at issue on behalf of that office. Second, we are puzzled by the dissent's reference to the District Attorney as the "elected District Attorney." All district attorneys in Georgia are elected, and that status has no bearing on their obligations to the courts in which they practice or our obligations when faced with misconduct arising out of their offices.

use of artificial intelligence software in the legal system. Upon expiration of the suspension and completion of the imposed continuing legal education requirements, ADA Leslie shall demonstrate compliance with this order in a petition for reinstatement. Continued failure to ensure the accuracy of filings before this Court may subject counsel to additional sanctions.[4]

4. Because the trial court's September 12, 2025, order denying Payne's motion for new trial contains numerous fictitious or misattributed case citations, we hereby vacate the trial court's order and remand the case to the trial court with instructions that it prepare and issue a new order on Payne's motion for new trial. The trial court's order shall not contain any fictitious or misattributed case citations, and given the unfortunate circumstances that have led us to this point, the trial court's order shall not be prepared by counsel for either party. We strongly encourage trial courts to carefully review proposed orders with the understanding that artificial intelligence software, with all of its potential risks and benefits, may have been used to prepare such proposed orders.

5. Payne's "Motion to Clarify" filed on March 27, 2026, is hereby granted. This Court previously ordered counsel for the State to produce all communications it had with the trial court concerning the proposed order denying Payne's motion for new trial. To the extent there is a letter, email, or other written communication by or on behalf of the Clayton County District Attorney to the trial court concerning the proposed order (including an

---

[4] The sanctions imposed by this Court are case-specific and based on the information and material in the record. Nothing stated herein shall be construed to affect, in any manner, any disciplinary proceedings that may be brought by the State Bar of Georgia, the Judicial Qualifications Commission, or any other entity.

apology for the submission of the proposed order), that communication falls within the scope of our order and shall be provided to this Court and to counsel for Payne without delay.

*Judgment vacated and case remanded with direction. All the Justices concur, except LaGrua and Colvin, J.J, who concur in part and dissent in part.*

LaGrua, Justice concurring in part and dissenting in part.

The majority opinion goes beyond what is necessary to make the point that, in this case, the State's lawyer violated her duty of candor to this tribunal, the Georgia Rules of Professional Conduct, see Rule 3.3, and our Rules. And so, while I concur with much of the majority opinion, I must dissent as to the admonishment of the elected Clayton County District Attorney.

In this opinion, the majority admonishes and sanctions the assistant district attorney who represents the State in this case, gives direction to the presiding judge regarding the issuance of a new order, and admonishes the elected District Attorney. While I recognize that the District Attorney's name appears on the briefs and she ultimately bears responsibility for the actions of those who work for her, I also understand that she must be able to trust and rely upon her staff to do their jobs ethically and professionally. Every assistant district attorney takes an oath to that effect.

In this instance, the District Attorney sent a lengthy letter to this Court, copied to opposing counsel, apologizing for the conduct of the assistant district attorney and outlining the severe sanctions imposed on that attorney for her actions in this case. Additionally, the District Attorney assured this Court that she is immediately implementing policies and procedures to keep this from happening in the future. We have absolutely no reason to doubt the veracity of that letter. And I find such proactive disciplinary and preventative measures to be more than sufficient under the circumstances.

Based on the foregoing, I vehemently decline to admonish the elected Clayton County District Attorney and respectfully dissent to that portion of the majority opinion.

I am authorized to state that Justice Colvin joins in this partial concurrence and partial dissent.